UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Malibu Media, LLC | : | No.: 19-2245-NIQA |
|    Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| Dennis MCowen | : | |
|    Defendant | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

1. Paragraph 1 is a conclusion of law which does not necessitate a response.

2. Denied. Plaintiff has abandoned or otherwise waived any copyright protections which may have existed and/or acted in a way that induced infringement and therefore Plaintiff is precluded from recovery of purported damages. Defendant further avers that to the extent that Paragraph 2 contains conclusions of law, it which does not necessitate a response.

3. Defendant is without sufficient knowledge to admit or deny paragraph 3.

4. Admitted.

5. Denied. Plaintiff has abandoned or otherwise waived any copyright protections which may have existed and/or acted in a way that induced infringement and therefore Plaintiff is precluded from recovery of purported damages. Further, Defendant is without sufficient knowledge to admit or deny the factual averments contained in paragraph 5.

6. Defendant is without sufficient knowledge to admit or deny paragraph six.

7. Paragraph seven is a conclusion of law which does not necessitate a response.

8. Defendant is without sufficient knowledge to admit or deny paragraph eight.

9. Admitted.

10. Defendant is without sufficient knowledge to admit or deny paragraph 10.

11. Denied. BitTorrent requires intermediary websites to connect hosts to recipients which are subject to DMCA takedown notices.

12. Paragraph 12 is conclusory statement which does not necessitate a response.

13. Paragraph 13 is conclusory statement which does not necessitate a response.

14. Paragraph 14 is conclusory statement which does not necessitate a response.

15. Paragraph 15 is conclusory statement which does not necessitate a response.

16. Paragraph 16 is conclusory statement which does not necessitate a response.

17. Defendant is without sufficient knowledge to admit or deny paragraph 17.

18. Defendant is without sufficient knowledge to admit or deny paragraph 18.

19. Defendant is without sufficient knowledge to admit or deny paragraph 19.

20. Defendant is without sufficient knowledge to admit or deny paragraph 20.

21. Defendant is without sufficient knowledge to admit or deny paragraph 21.

22. Defendant is without sufficient knowledge to admit or deny paragraph 22.

23. Admitted in part, denied in part.  Denied to the extent that Plaintiff has abandoned or otherwise waived any copyright protections which may have existed and/or Plaintiff acted in a way that induced infringement and therefore is precluded from recovery of purported damages.

24. Defendant is without sufficient knowledge to admit or deny paragraph 24.

25. Denied. Plaintiff has abandoned or otherwise waived any copyright protections which may have existed and/or Plaintiff acted in a way that induced infringement and therefore is precluded from recovery of purported damages.

26. Paragraph 26 is a conclusion of law which does not necessitate a response.

27. Defendant is without sufficient knowledge to admit or deny paragraph 27, and it is

denied to the extent that Plaintiff's counsel is on a contingency fee basis.

  28.  No response required.

  29.  Paragraph 29 is a conclusion of law which does not necessitate a response.

  30.  Denied. Plaintiff has abandoned or otherwise waived any copyright protections which may have existed and/or acted in a way that induced infringement and therefore Plaintiff is precluded from recovery of purported damages.

  31.  Denied. Plaintiff has abandoned or otherwise waived any copyright protections, or given implied or actual authority to download and/or distribute Plaintiff's materials.

  32.  Denied. Plaintiff has abandoned or otherwise waived any copyright protections, or given implied or actual authority to download and/or distribute Plaintiff's materials.

  33.  Denied. Defendant only acted on Plaintiff's warranties and advertisements or the warranties and advertisements of its licensees and distributers that its materials were free to download and/or distribute. But for these warranties and advertisements, no downloads would have occurred. Defendant's alleged downloads were innocent at worst.

  WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's prayers for relief and enter judgement in favor of Defendant. Defendant further requests attorney fees and costs be awarded to Defendant.

Affirmative Defenses

  1.  Abandonment of Copyright Protections – Plaintiff willingly entered into business partnerships with third-party websites (hereinafter "free-sites) which offer free performance, copying, and distribution of Plaintiff's copyrighted materials. This is an affirmative action of abandonment and/or forfeiture of copyright protections.

  2.  Unclean Hands – Plaintiff, through its business partners, advertises its videos as

free to download and share. Plaintiff, through its business partners, has posted and redistributed videos for free via its business partners' websites and are the same videos available via BitTorrent.

3.      Copyright Misuse – Plaintiff, through its business partners, advertises its videos as free to download and share. Plaintiff, through its business partners, have posted over 250 of its videos and downloaded up to 133,00,00 times.  Plaintiff has therefore already either abandoned it copyright protections, or given license to download and distribute its content, singling out only BitTorrent users in order to create a for-profit litigation scheme is against public policy and anti-competitive especially when Plaintiff has suffered no actual or apparent damages. The purpose of the copyright law is not to entrap innocent individuals via false advertising but rather to spur creativity for the betterment of society. Plaintiff's use of the copyright protections as a revenue generation scheme is against public policy.

4.      Implied or Actual License – Plaintiff has knowingly and freely entered into business relationships and allowed its name to be associated with free distribution websites. By engaging in business relationships with the free distribution websites and by endorsing the relationship by placing its logo on the free-sites' websites, Plaintiff has given implied or actual license to copy, publish, and distribute its copyrighted materials by anyone in the world with access to a computer.

5.      Estoppel – Plaintiff did enter into a business relationship with free distribution websites knowing that the business partners allowed un-affiliated third-party users to copy and publish Plaintiff's copyrighted materials. The free distribution websites encourage individuals to download and share content found on the websites. Plaintiff knew or should have known that the copyrighted materials published and distributed through the free distribution websites would

likely be further copied, distributed, and published by downstream users and that the downstream users had no notice of Plaintiff's intent to retain any copyright protections in the distributed works. Plaintiff knew, or reasonably should have known this would create misunderstanding and confusion in the general public. The downstream user is harmed when Plaintiff later attempts to assert copyright protections in the form of lawsuits claiming statutory damages for material it has held to be open to the public and for which it knowingly and intentionally would never receive monetary compensation.

6. *De Minimis* – Plaintiff, through its business partners, has authorized the distribution, download, reproduction, performance, and sharing of its copyrighted materials for free to hundreds of millions of individuals around the world. The purported infringements by Defendant caused no apparent or actual harm to Plaintiff. Plaintiff can show no harm in what has already been authorized to be published and distributed hundreds of millions of times for free.

7. Failure to Mitigate Damages – Plaintiff has failed to mitigate any actual or perceived damages as a result of its own actions in creating a confusing and misleading environment where its business partners allow and promote copies of Plaintiff's works to be uploaded, downloaded and distributed worldwide. If any of Plaintiff's materials posted on its business partners websites for free distribution were unauthorized, then Plaintiff has failed to mitigate damages by ensuring its videos are not uploaded and distributed on websites which bear its trademarked name. Plaintiff had actual or constructive knowledge of the videos posted at all relevant times.

8. Innocent Infringement – Notwithstanding any other defense, while Plaintiff has caused its own harm by its own deed or action, any purported infringement was unintentional and innocent.

9. Accord and Satisfaction – Defendant did offer and Plaintiff did accept Defendant as a subscriber, giving Defendant non-exclusive license to copy and possess Plaintiff's purported copyrighted material. Additionally, Plaintiff, through its business partners, did at the time of the purported infringement give apparent or actual authority for anyone in the world the distribute its works.

10. Injunctive Relief – Plaintiff has not shown immediate or ongoing harm and is therefore not entitled to injunctive relief.

*Respectfully submitted*
By:

/s/ Jonathan H. Stanwood
Jonathan H. Stanwood, Esq.
Attorney for Dennis MCowen
1628 J.F.K. Blvd, Suite 1000
Philadelphia, Pa 19103
(215) 569-1040
JHS@STANWOODLAW.COM
Dated: March 6, 2020